**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4345**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAMION ROSCOE,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:06-cr-00534-RDB-1)

Submitted:  January 30, 2014        Decided:  February 20, 2014

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, LaKeytria Felder, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Justin S. Herring, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damion Roscoe admitted to violating the terms of his supervised release by absconding from supervision. He appeals from the twenty-four-month revocation sentence imposed by the district court. He contends that this sentence was plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). First we consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than that undertaken for the reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). If we find the sentence procedurally or substantively unreasonable, we must then decide whether it is "plainly" so. Id. at 657.

Here, the district court correctly calculated and considered the advisory policy statement range, considered the relevant factors, and gave the parties an opportunity to present argument. The sentence was procedurally reasonable. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The court also sufficiently explained its reasons for imposing a

sentence outside the policy statement range.  See Crudup, 461 F.3d at 440.

Roscoe contends that, in determining the sentence, the district court improperly considered the seriousness of the offense and the need for the sentence imposed to promote respect for the law.  Because Roscoe did not object in the district court to the explanation of his sentence, we review for plain error.  United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732-34 (1993).

The district court's consideration of the seriousness of the offense and the need to promote respect for the law was in conjunction with its consideration of the factors in 18 U.S.C. § 3583(e) (2012).  Specifically, Roscoe's failure to respect the terms of the court's supervised release order is relevant to the nature and circumstances of his offense, his history and characteristics, and the need to protect the public from further crimes by Roscoe.  "Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). Because the district court properly considered the seriousness of the offense and promoting respect for the law in conjunction

3

with the enumerated factors, we find no plain error by the district court. See id. at 642 (concluding that reference to non-enumerated factor does not render revocation sentence procedurally unreasonable when considered in conjunction with enumerated 18 U.S.C. § 3553(a) (2012) factors).

Accordingly, we conclude that the twenty-four-month revocation sentence is not plainly unreasonable. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED